CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 24 2007

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

FRANK AUSTIN ARCHER,
    Petitioner,

v.

GENE JOHNSON, et al.,
    Respondent.

Civil Action No. 7:07-cv-00346

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
United States District Judge

    Petitioner, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner challenges the validity of his confinement subsequent to a disciplinary hearing at Pulaski Correctional Center on March 19, 2007. Petitioner was found guilty of the charge of "false statements or charges against an employee," Virginia Department of Corrections ("VDOC") offense code 121, subsequent to which petitioner alleges he lost good-time credits.[1] Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

    Under 28 U.S.C. §2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

    The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999).

---

[1] Petitioner states that he lost good time credits, the restoration of which would result in his immediate release from physical custody. In his VDOC disciplinary appeals, however, petitioner states that he received "15 days isolation" and "30 days isolation."

In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him/her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A)(1) and §17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.[2]

In this case, the petition clearly shows that petitioner has not presented the claims to the Supreme Court of Virginia as required. Petitioner's failure to exhaust state remedies mandates summary dismissal of the petition by this court.[3] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 24th day of July, 2007.

_____
United States District Judge

---

[2] In the instant case, petitioner should present his habeas petition to the Supreme Court of Virginia. His claim must be exhausted before the highest state court with jurisdiction to consider the claim, even if the claim receives a merely perfunctory rejection from that court. Green v. Catoe, 220 F.3d 220, 222-24 (4th Cir. 2000), cert. denied, 532 U.S. 1039 (2001).

[3] Petitioner may re-file his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. Petitioner is advised that his time to file habeas petitions is limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).